|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>Law Office of Peter Zimnis<br>1245 Whitehorse Mercerville Rd Ste 412<br>Hamilton, NJ 08619<br>609-581-9353<br>Attorney for debtor | **Order Filed on December 4, 2024<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>AMEENA TERRELL | Case Number:   24-20948<br><br>Hearing Date:   12/4/24<br><br>Judge:   Gravelle<br><br>Chapter:   13 |

| Recommended Local Form: | Followed | X  Modified |
|---|---|---|

# ORDER AUTHORIZING
# SALE OF REAL PROPERTY

The relief set forth on the following page is hereby **ORDERED**.

**DATED: December 4, 2024**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

Debtor:  Ameena Terrell
Case No.:  24- 20948   CMG
Caption:   Order Granting Authorization to Transfer Property

At Trenton in the said District

Upon the Debtor's Motion for Authorization to Sell the Real Property commonly known as 204 Mill Run Court, Hightstown, New Jersey 08520.  (The Real Property)

IT IS hereby ORDERED as follows:

1. The debtor is authorized to sell the Real Property upon the terms and conditions of the contract of sale pursuant to 11 U.S.C. Sections 363(b) and 1303.
2. The proceeds of sale must be utilized to satisfy the liens in full on the Real Property unless the liens are otherwise avoided by Court order.  Until such satisfaction, the property is not free and clear of liens.  If the sale is a short sale, the property cannot be sold without written acceptance of the lien holder.
3. a)       __X__   Pursuant to LBR 6004-1(b) the Notice of Private Sale included a request to pay the real estate broker and debtor's real estate attorney at closing, therefore, these professionals may be paid at closing; however, the Law office of Peter Zimnis shall file a fee application for supplemental fees for the work related to the sale motion and retention applications.

   **OR**

   b)       _____   Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys upon further order of this Court.
4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.
5. The remaining proceeds shall be disbursed as follows:
   1) The lesser of either the proceeds or $27,900 shall be paid to the debtor at closing without further order of the court.
   2) All remaining funds, if any, shall be paid to Albert Russo, Trustee.  If the Proof of Claims filed by the bar date are less than then funds sent to the Trustee, the Trustee shall refund the excess amounts back to the debtor as part of the routine disbursement process.
6. A copy of the HUD settlement statement shall be forwarded to the Chapter 13 Trustee ten (10) days after the closing.
7. The debtor shall file a modified Chapter 13 Plan within twenty (20) days from the date of closing. (if applicable).

8. If the closing does not occur within sixty (60) days of this Order, then this Order expires, however, the Order may be extended by Application and proper notice.
9. Other provisions:    Fed. R. Bank. P. 6004(h), which provides for a fourteen (14) day stay of this Order is not applicable